# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 20, 2011

142102

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

TOM NOBLE,
                Plaintiff-Appellant,

v

OFFICE OF THE RACING COMMISSIONER,
                Defendant-Appellee.

SC: 142102
COA: 292080
Ingham CC: 08-000703-AA

_____/

On order of the Court, the application for leave to appeal the October 7, 2010 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARILYN KELLY, J. (*dissenting*).

I would grant leave to appeal.

Plaintiff, a horse trainer, was required to follow certain rules when entering his horse in races in this state. He claims that he followed the rules but was penalized anyway.

MCL 431.316(6) requires that a horse not be entered in a race if it has a drug in its body. An exception exists if, in conformity with MCL 431.330(1), defendant, the Office of Racing Commissioner, specifically allows the drug by rule or written order. If a trainer does enter a horse in violation of these rules, he or she is subject to strict liability and disciplinary action.

Defendant racing commissioner admits that it has adopted an unwritten rule that allows the drug flunixin to be administered within 48 hours of a race and that 1.0 μg/ml may remain in the horse's system at the time of racing. Plaintiff states that all trainers know and rely on this informal rule and that he relied on it in this case.

Given that MCL 431.316(6) creates a zero-tolerance rule, it is difficult to understand how it and defendant's informal rule can coexist harmoniously. On the other hand, it is not clear that the use of flunixin in this case would have violated the statute, given that a veterinarian administered it for treatment of an injury.

Adding further confusion is the fact that by rule, defendant allows the use of phenylbutazone (sometimes called "Bute"), an older nonsteroidal anti-inflammatory drug (or "horse aspirin"). Flunixin is recognized as a safer version of horse aspirin but has not been officially recognized in the rule, which was adopted before flunixin began to be widely used.

There is also reason to question the testing methods used in this case. The test administered to plaintiff's horse was a test merely to detect the presence of flunixin. Moreover, the equipment used had not been calibrated. Therefore, the test may not have reliably disclosed the amount of flunixin in the horse's blood. The Michigan Department of Agriculture technician who performed the analysis admitted as much.

Consequently, defendant's assertion that the horse had four times the allowable limit of the drug in his blood is not reliable. Plaintiff sent the urine sample that defendant obtained to the University of Louisiana for testing. The university laboratory results revealed only 0.85 μg/ml of flunixin in the urine sample, a level that defendant permits.

Lastly, there was evidence that the standard defendant used to establish its informal rule regarding flunixin was not based on sound testing. Plaintiff's expert testified that studies show that flunixin may remain in a horse's blood for up to two weeks after being administered. Also, the level can spike after several days because of changes in the horse's pH values.

On the basis of plaintiff's arguments, I think that the circuit court's decision may have been correct and that the Court of Appeals erred. I believe that plaintiff's substantive due process rights may have been violated. Therefore, I would grant leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 20, 2011

Clerk

p0517